**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 11-97-JBC**

**MARGARET ANISSA PENN DAVIS,**                                         **PLAINTIFF,**

**V.**                     **MEMORANDUM ORDER AND OPINION**

**TIFFANY LOGAN,**                                                       **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court on Tiffany Logan's motion to dismiss for failure to join a necessary and indispensable party (R. 4). Because a representative of Catherine Turner's estate is not a necessary and indispensable party to this action, the court will deny the motion.

Under the facts asserted in the complaint, which the court accepts as true, *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009); *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001), Catherine Turner, Logan's mother, was trustee of a trust created under the Last Will and Testament of the parties' grandmother for the ultimate benefit of Margaret Davis. Turner was authorized under the trust to pay trust income to herself during her lifetime. Per the terms of the trust, Turner directed the holder of the funds, UBS Financial Services, to terminate the trust upon her death and transfer the trust corpus to Davis. Turner died in the hospital on October 19, 2010, after dealing with serious health issues through 2009 and 2010. On the same day, Logan, acting in her role as Turner's attorney-in-fact, withdrew $75,000 from the trust account and placed those funds

into an account for her own use and benefit.  Davis brought this action against Logan for conversion and has asked for punitive damages.

Logan asserts in her motion that the complaint should be dismissed under Rule 12(b)(7) because Davis did not join a representative of Turner's estate under Rule 19.  She asserts generally that without participation of the estate, complete relief cannot be afforded and a determination of her rights versus Davis's rights and those of the fund cannot be determined.  She also asserts generally that because Turner had discretionary power over the trust income during her lifetime, disposing of this matter without participation of the estate representative will impair Logan's ability to protect her interest.

Logan has failed to demonstrate why Turner's estate is a required party to this action. Neither party has asserted that Turner's estate has any claim to the trust corpus.  Though Logan asserts that Turner co-mingled her own funds with the trust corpus, and that Turner's estate therefore has a claim on a certain amount of funds from the trust, there are no such allegations of wrongdoing in the complaint. The complaint is concerned solely with Logan's actions in withdrawing funds from the trust account.  Under the facts alleged by both parties, a representative of Turner's estate may be required as a witness in this action; however, a representative's presence as a party is not necessary to protect the estate's interest or for the court to accord complete relief among the existing parties. *See* FED. R. CIV. P. 19(a)(1).  Accordingly,

**IT IS ORDERED** that the motion to dismiss (R. 4) is **DENIED**.

2

**IT IS FURTHER ORDERED** that the defendant shall file an answer to the complaint no later than 20 days after the date of the entry of this order.

Signed on August 31, 2011

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY